UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
KASHAWN WISE                                             Index No.: 17-cv-3160
                     Plaintiff,
         *-against-*                                      **COMPLAINT**

THE CITY OF NEW YORK,                                    **JURY TRIAL DEMANDED**
DETECTIVE JEREMY BRANDENBURG
*and* DETECTIVE ERIC MOY

                    Defendants.
---------------------------------------------------------X

Plaintiff, KASHAWN WISE, by his attorney, Alexis G. Padilla, Esq., complaining of the defendants, The CITY OF NEW YORK, DETECTIVE JEREMY BRANDENBURG, and DETECTIVE ERIC MOY, upon information and belief alleges as follows:

**PRELIMINARY STATEMENT**

1.    This is a civil rights action in which the plaintiff, KASHAWN WISE, seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

**JURISDICTION AND VENUE**

2.    This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the Plaintiff's constitutional and civil rights.

3.    Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Eastern District of New York.

**JURY TRIAL DEMANDED**

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

**PARTIES**

5. Plaintiff is a United States citizen of full age and resides in Queens County, New York.

6. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the Defendant Police Officer.

7. Defendant DETECTIVE JEREMY BRANDENBURG was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant BRANDENBURG acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

8. Defendant DETECTIVE ERIC MOY was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant MOY acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

**STATEMENT OF FACTS**

9. On or about September 30, 2015 at about 8:00 A.M. plaintiff was inside of Apt. 4C at 12-50 Redfern Avenue in Queens County, New York when police officers from Gang Unit Queens, including defendant Detective Brandenburg, arrived to execute a search warrant.

10. Plaintiff, who resides at this address with his grandmother and his four siblings, was awakened by the sound of police officers entering.

11. Plaintiff encountered defendant Brandenburg and the other officers in the hallway of the apartment.

12. The officers pointed their guns at plaintiff and ordered him to get down.

13. Plaintiff got down on his knees and was placed in handcuffs.

14. Plaintiff's family members were also placed in handcuffs.

15. The officers questioned plaintiff and his family concerning guns and drugs but they all denied knowledge of any drugs or guns.

16. The officers then ransacked the apartment in search of drugs and guns.

17. No drugs or guns were discovered in their search of the premises.

18. Plaintiff was then taken into the bathroom and forced to remove his clothes even though he was only wearing a tank-top and basketball shorts. Again, the officers found nothing.

19. Having conducted a full search of plaintiff's residence and a strip search of plaintiff's person both of which resulted in no finding of narcotics or illegal firearms, defendant Brandenburg then arrested plaintiff.

20. In a sworn criminal complaint defendant Brandenburg claimed to have recovered an operable "stun gun"; four phentermine hydrochloride pills; and a "twist" containing an amount of marijuana; all from the rear bedroom belonging to plaintiff.

21. Plaintiff denied possessing an operable stun gun; denied illegally possessing phentermine hydrochloride; and denied possessing any amount of marijuana.

22. As a result of this arrest, plaintiff was in police custody for approximately twenty-four (24) hours.

23. At no time during this course of events did plaintiff commit any act for which he could be arrested or charged with a crime or violation.

24. At no time during this course of events did plaintiff possess any contraband for which he could be arrested or charged with a crime or violation.

25. All charges against plaintiff were eventually dismissed.

II

26. On June 15, 2016 at or about 6:10 A.M. plaintiff's residence was again raided pursuant to a search warrant, this time by a group of officers from Tactical Narcotics Team – Queens, which included defendant Detective Moy.

27. Plaintiff and his family members were once again handcuffed and forced to sit by as officers ransacked their home in search of narcotics and illegal firearms.

28. Once again, no narcotics or illegal firearms were discovered as a result of this search.

29. Despite no recovery of drugs or guns, defendant Moy arrested plaintiff.

30. In a sworn criminal complaint, defendant Moy states that plaintiff illegally possessed marijuana and codeine.

31. Plaintiff denied possessing marijuana or codeine.

32. As a result of this arrest, plaintiff spent approximately twenty-four (24) hours in police custody.

33. At no time during this course of events did plaintiff commit any act for which he could be arrested or charged with a crime or violation.

34. At no time during this course of events did plaintiff possess any contraband for which he could be arrested or charged with a crime or violation.

35. All charges against plaintiff were eventually dismissed.

### AS FOR A FIRST CAUSE OF ACTION
### *DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983*

36. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

37. At all times during the events described above defendants Brandenburg and Moy lacked probable cause to arrest plaintiff.

38. At all times during the events described above Brandenburg and Moy lacked probable cause to charge plaintiff with criminal conduct.

39. All of the aforementioned acts of defendants Brandenburg and Moy were carried

out under the color of state law.

40. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

41. The acts complained of were carried out by defendants Brandenburg and Moy in their capacities as police officers, with all actual and/or apparent authority afforded thereto.

42. The acts complained of deprived plaintiff of his rights:

    A. To be free from false arrest;

    B. To be free from deprivation of liberty without due process of law;

    C. To a fair trial; and

    D. To receive equal protection under the law.

## AS FOR A SECOND CAUSE OF ACTION

### *MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983 AGAINST THE CITY OF NEW YORK*

43. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

44. The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff, and is liable for the damages suffered by plaintiff as a result of the conduct of the defendants. The conduct of the defendants was a direct consequence of inadequate training and supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

45. At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that

allowed for a police officer to make an arrest without probable cause and in flagrant violation of his sworn oath to uphold the Constitution.

46. At all times relevant to this complaint it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage reckless misadventures of the sort described in this complaint.

47. As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the days in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated.

48. The wrongful polices, practices and customs complained of herein, demonstrates a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: 05/25/2017
Brooklyn, NY

By:   /s/Alexis G. Padilla
Alexis G. Padilla, Esq. [AP8285]
*Attorney for Plaintiff*
Kashawn Wise
575 Decatur Street #3
Brooklyn, NY 11233
(917) 238-2993